# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

October 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANCEL M. HENDRICKS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0794** (BOR Appeal No. 2048029)
(Claim No. 2004022990)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PANTHER BRANCH COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ancel M. Hendricks, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2013, in which the Board affirmed a January 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 29, 2011, decision which denied Mr. Hendricks's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hendricks, a roof bolter, was awarded a 12% permanent partial disability award for carpal tunnel syndrome and a 51% permanent partial disability award for injuries to his bilateral knees during the course of his employment. By an Order dated March 10, 2009, the Office of Judges held that Mr. Hendricks met the 50% whole body impairment threshold required under West Virginia Code § 23-4-6(n)(1) (2005) and remanded the claim to the claims administrator for further consideration of a permanent total disability award. The issue on appeal before this Court is whether Mr. Hendricks is capable of substantial gainful activity requiring skills or abilities which can be acquired or which are comparable to those of any gainful activity he has previously engaged in. West Virginia Code § 23-4-6(n)(2) (2005).

Lori Hodge, C.R.C., L.P.C., found in a vocational rehabilitation report that Mr. Hendricks graduated high school, received training in diesel mechanics in the United States Army, attended mine management classes, and was certified as an EMT. She also found that he had several transferable managerial skills. She identified a number of actual job openings within a seventy-five mile radius of his home that he would be qualified for. She stated that he may benefit from short-term computer training in basic keyboarding skills. Ms. Hodge concluded that there are jobs in the labor market that Mr. Hendricks can perform within his physical restrictions and basic capabilities.

Vocational rehabilitation consultant Errol Sadlon also performed a vocational rehabilitation evaluation. He noted that Mr. Hendricks was awarded 12% impairment for bilateral carpal tunnel syndrome as well as 51% impairment for bilateral knee injuries. He also noted that Mr. Hendricks received a 100% psychiatric impairment award from the Veteran's Administration due to post-traumatic stress disorder. Mr. Sadlon stated that Mr. Hendricks was sixty-three at the time of the evaluation and that his age was a very negative factor regarding future employment. Mr. Hendricks graduated from high school and reported being a C or D student. An IQ test placed him in the low average intelligence range. Mr. Hendricks had no experience with computers. He was found to have few transferable skills and the ones he did have were determined to be outdated. Mr. Sadlon opined that a training program would be very difficult due to psychological and intellectual factors. Due to psychological problems, poor utilization of the upper extremities, lack of skills, and advanced age, Mr. Hendricks was found to be incapable of performing any kind of work.

The Permanent Total Disability Review Board recommended on March 18, 2011, that Mr. Hendricks's application for permanent total disability benefits be denied. It determined that he had vocational rehabilitation potential and was therefore not permanently and totally disabled. It noted that though he was no longer capable of working in the coal industry, he has viable vocational options related to his transferable skills and there were job openings within his area. The claims administrator denied Mr. Hendricks's request for a permanent total disability award on March 29, 2011.

The Office of Judges affirmed the claims administrator's decision in its January 10, 2013, Order. The Office of Judges determined that the record clearly indicates that Mr. Hendricks is incapable of returning to work in the coal industry as was acknowledged by the Permanent Total Disability Review Board. It was also determined that he could not perform greater than sedentary

work. The Office of Judges noted that a Veteran's Administration's report indicating that Mr. Hendricks had a 100% rating for post-traumatic stress disorder was stricken from the record. The report was found to be unpersuasive in the instant claim because it is unclear what type of scale the Veteran's Administration used in granting the 100% award. Under West Virginia Code of State Rules § 85-20-Exhibit B (2006), there is no rating for 100% psychological impairment. The highest rating West Virginia Code of State Rules § 85-20-Exhibit B allows for is 70% which requires persistent danger of severely hurting oneself or others or a serious suicidal act with a clear expectation of death. Also, the person must require permanent assisted living to complete institutionalization. The Office of Judges found that the record shows that Mr. Hendricks clearly is not that impaired from a psychological perspective based upon reports by Mr. Sadlon and Ms. Hodge. The Office of Judges further found that the award was based upon post-traumatic stress disorder caused by Mr. Hendricks's military service and that the condition was unrelated to a compensable work-related injury.

Mr. Hendricks's argument for a permanent total disability award was found to rely predominantly on the report of Mr. Sadlon. Mr. Sadlon's report relied, in part, upon the Veteran's Administration's 100% award. The Office of Judges determined that Mr. Sadlon's reliance on the report diminished the weight that his report could be afforded. Mr. Sadlon emphasized Mr. Hendricks's problems with grasping and fine dexterity but he failed to cite the basis for his conclusions. The results of functional capacity testing by both Mr. Sadlon and Ms. Hodge fail to include testing of Mr. Hendricks's hands. Though he previously received a 12% permanent partial disability award for carpal tunnel syndrome, Mr. Hendricks no longer requires treatment for the condition and he underwent surgery in 1998 and continued to work for five years after. Mr. Sadlon's report was also found to place emphasis on Mr. Hendricks's intelligence level. Testing revealed that he was in the low average range. However, the Office of Judges found that in the past Mr. Hendricks attended mine management courses and became certified as an EMT. Also, Ms. Hodge stated in her report that he demonstrated a number of managerial skills. Lastly, the Office of Judges found that Mr. Sadlon emphasized Mr. Hendricks's struggle with anxiety and depression. Though the conditions may affect his ability to function, the Office of Judges concluded that they are due solely to his military service and are unrelated to a compensable work-related injury. The Office of Judges noted that Mr. Hendricks has received a Social Security Disability award; however, the criterion for such an award differs from the requirements for a permanent total disability award. The Office of Judges ultimately concluded that Mr. Hendricks is capable of performing sedentary work and that there is work available within his geographic region. He therefore was determined not to be permanently and totally disabled.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 3, 2013, decision. On appeal, relying on Mr. Sadlon's report, Mr. Hendricks argues that he is incapable of engaging in even sedentary work. The West Virginia Office of the Insurance Commissioner asserts that Mr. Sadlon's report is not persuasive because he placed substantial weight on conditions which were either non-compensable or insignificant.

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Hendricks is capable of performing sedentary work and that there are jobs available within his geographical region for which he is qualified. Consequently, he is not permanently and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II